**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARLES DAVID CHASTAIN,** | **CASE NO. 4:20-CV-01036** |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **WARDEN MARK WILLIAMS, et al.,** | |
| **Respondents.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 of *pro se* Petitioner Charles David Chastain ("Petitioner" or "Chastain"). (Doc. No. 1.) Respondents Warden Mark Williams and Michael Caravjal (collectively, "Respondents") filed an Answer/Return of Writ on July 21, 2020, to which Chastain replied by filing a Traverse on August 3, 2020. (Doc. Nos. 5, 7.) On August 13, 2020, Respondents filed a Reply to the Traverse. (Doc. No. 9.)

Also, currently pending is Chastain's Motion to Take Judicial Notice, filed on May 28, 2020. (Doc. No. 3.)

For the following reasons, Chastain's Petition (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE, and his Motion to Take Judicial Notice (Doc. No. 3) is DENIED.

**I.  Background**

Chastain is a federal inmate incarcerated at Federal Correctional Institution Elkton ("FCI Elkton"). (Doc. No. 1 at 1.) On May 12, 2020, Chastain filed a Petition for Writ of Habeas Corpus. (*Id.*) In his Petition, Chastain asserts that FCI Elkton has not been able to stop the spread of COVID-19 within the institution and that he is at an increased risk of harm because he suffers from certain

preexisting health conditions, including bronchial and allergic asthma. (*Id.* at 1-2.) Chastain claims that the conditions at FCI Elkton violate the Eighth Amendment's prohibition on cruel and unusual punishment, and requests to be released to home confinement. (*Id.* at 2.)

In addition, Chastain asserts that the Bureau of Prisons ("BOP") has improperly failed to update his good time credits and programming credits with respect to certain completed classes in accordance with the First Step Act, which is the only thing preventing him from qualifying for priority consideration for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (*Id.* at 1.) As a result, Chastain also requests that the Court require the BOP to credit him with all of his First Step Act programming credits so that he can be considered for home confinement under the CARES Act. (*Id.* at 2.) On May 28, 2020, Chastain filed a Motion to Take Judicial Notice, requesting that the Court take judicial notice that he has exhausted his administrative remedies with respect to this claim. (Doc. No. 3.) In support of his request, Chastain submitted a form labeled "BP-S148.055 Inmate Request to Staff," showing a request he made to the Education Department and Warden Mark Williams to update his records to show the completion of two educational programs. (Doc. No. 3-1.) The request was denied on April 11, 2020. (*Id.*)

On July 21, 2020, Respondents filed an Answer/Return of Writ in which they argued that Chastain's claim under the Eighth Amendment should be dismissed for two reasons. (Doc. No. 5.) First, Respondents contend that dismissal is appropriate because Chastain's claim is duplicative of the claims presented in *Wilson v. Williams*, No. 4:20-cv-00794 (N.D. Ohio), in which Chastain has been identified as a member of a medically vulnerable subclass of inmates at FCI Elkton seeking release to home confinement, parole, or halfway houses due to the COVID-19 pandemic. (*Id.* at 2-3.) Second, Respondents assert that Chastain cannot establish an Eighth Amendment violation

2

because the Sixth Circuit has already held that FCI Elton was not deliberately indifferent to the risks presented by COVID-19. (*Id.* at 3-4.)

In response, on August 3, 2020, Chastain filed a Traverse in which he reiterated the deficiencies in FCI Elkton's response to COVID-19. (Doc. No. 7 at 1.) In his Traverse, Chastain also points out that Respondents did not address his claim to the right to good time credits and programming credits and asserts Respondents have waived their right to contest that issue. (*Id.* at 1-2.) As additional support for this claim, Chastain submitted another Inmate Request to Staff form showing that he made another request to Warden Mark Williams to provide him credit for certain educational programs and to consider him for home confinement under the CARES Act. (Doc. No. 7-2 at 2.) In his Traverse, Chastain also requests that the Court appoint him counsel to investigate and further brief his claims. (Doc. No. 7 at 2.)

Respondents filed a Reply to the Traverse on August 13, 2020. (Doc. No. 9.) Therein, Respondents assert that the Court should dismiss Chastain's claim related to good time credits and programming credits because he has not exhausted his administrative remedies. (*Id.* at 1-2.) In support of their argument, Respondents provided evidence showing that Chastain has not submitted any administrative remedy requests with the BOP. (*Id.* at 2; Doc. No. 9-1 at ¶ 4; Doc. No. 9-3.)

**II. Analysis**

Upon review of the parties' arguments, the Court concludes that dismissal of Chastain's Petition is warranted.

First, the Court agrees with Respondents that Chastain's claim under the Eighth Amendment is subject to dismissal as duplicative of a previously filed and pending petition. "A district court may properly dismiss a *habeas corpus* petition as duplicative where the petition is 'essentially the same'

3

as a previously-filed petition." *Letner v. Williams*, No. 4:20 cv 1592, 2020 U.S. Dist. LEXIS 148792, at *2 (N.D. Ohio Aug. 18, 2020) (quoting *Davis v. U.S. Parole Comm'n*, No. 88-5905, 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989)); *accord Christy v. Lafler*, No. 05CV74560DT, 2005 WL 3465844, at *1 (E.D. Mich. Dec. 19, 2005) ("Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief.").

Here, Chastain has been identified as a member of a medically vulnerable subclass of inmates at FCI Elkton in a previously filed, and still pending, 28 U.S.C. § 2241 action that seeks release to home or other confinement based on COVID-19 concerns. *See Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 1940882, at *6 (N.D. Ohio Apr. 22, 2020), *vacated by*, 961 F.3d 829 (6th Cir. 2020); *Wilson*, No. 4:20-cv-00794 (N.D. Ohio) (Doc. No. 35-1 at 7). As such, the Court finds that Chastain's Eighth Amendment claim should be dismissed without prejudice as duplicative of a previously filed and pending petition because he seeks the same relief for the same reasons in this case as he does as a member of the subclass in *Wilson*. *See Letner*, 2020 U.S. Dist. LEXIS 148792, at *2; *Evans v. Williams*, No. 4:20 CV 1415, 2020 WL 3886697, at *1-2 (N.D. Ohio July 8, 2020); *Stevenson v. Williams*, No. 4:20 CV 1009, 2020 U.S. Dist. LEXIS 108585, at *1-2 (N.D. Ohio June 22, 2020).

Second, the Court finds that Chastain has not exhausted his administrative remedies with respect to his claim for good time credits and programming credits related to his qualification for release under the CARES Act. Therefore, the Court also will dismiss this claim without prejudice.[1]

---

[1] The Court finds unpersuasive Chastain's argument that Respondents waived the right to contest this claim by not addressing it in their Answer/Return of Writ, as he does not cite any authority precluding Respondents from raising the issue of exhaustion for the first time in their Reply to the Traverse. Moreover, where, as here, "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

"Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). This exhaustion requirement applies to both good time credit and COVID-19 related claims. *See Stevenson*, 2020 U.S. Dist. LEXIS 108585, at *2 ("[I]t is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief under § 2241 due to COVID-19 circumstances."); *Quintero v. Hickey*, No. 5:11–CV–256–JMH, 2011 WL 5304061, at *2 (E.D. Ky. Nov. 3, 2011) (dismissing claim for additional good time credit based on the petitioner's failure to exhaust administrative remedies); *Davis v. Zych*, No. 2:08-CV-13962, 2008 WL 4539395, at *2 (E.D. Mich. Oct. 7, 2008) (same).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps:

> In order to exhaust administrative remedies, an inmate must complete the four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal BOP. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel. After exhausting his administrative remedies, if an inmate is not satisfied with the BOP's resolution of the claim, the inmate may then file a petition pursuant to 28 U.S.C. § 2241. *See* 28 CFR §§ 542.10-16.

*United States v. Jenkins*, No. 2:13-CR-00002-1, 2018 WL 4899090, at *1 (M.D. Tenn. Oct. 9, 2018).

In this case, Chastain has provided two Inmate Request to Staff forms showing requests that he submitted related to his claim that were addressed to Warden Mark Williams. (Doc. Nos. 3-1, 7-2.) It does not appear that these documents satisfy any of the steps described above. However, even if these documents could be viewed as an attempt at informal resolution and as a formal written request to the Warden, there is no evidence that Chastain made any effort to pursue and exhaust his administrative remedies with respect to his claim by continuing up the chain of administrative review

5

to the regional director or General Counsel. To the contrary, Respondents submitted evidence showing that Chastain has not filed any administrative remedy requests at all with the BOP. (Doc. No. 9 at 2; Doc. No. 9-1 at ¶ 4; Doc. No. 9-3.) Accordingly, Chastain has not exhausted his administrative remedies with regard to his good time credits and programming credits claim. As a result, Chastain's Motion to Take Judicial Notice—which requests that the Court recognize that he exhausted his administrative remedies—is denied, and his claim will be dismissed without prejudice.

Finally, the Court also denies Chastain's request for appointment of counsel. "There is no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed." *Milini v. Smith*, No. 5:10 CV 886, 2011 WL 720749, at *13 (N.D. Ohio Jan. 28, 2011), *report and recommendation adopted*, 2011 WL 703921 (N.D. Ohio Feb. 22, 2011). An appointment of counsel to a petitioner who brings a habeas case under 28 U.S.C. § 2241 is authorized only when "the interests of justice so require" and the person is financially eligible. 18 U.S.C. § 3006A(a)(2)(B). "A district court does not abuse its discretion by declining to appoint counsel where the issues in the case are straightforward and capable of resolution on the record or the Petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions." *Milini*, 2011 WL 720749, at *13. In the instant matter, the issues were straightforward and capable of resolution on the record, and Chastain has presented his claims coherently. Therefore, an appointment of counsel is not appropriate.

## III. Conclusion

For the reasons set forth above, Chastain's Petition (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE, and his Motion to Take Judicial Notice (Doc. No. 3) is DENIED. The Court further

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  October 9, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE